# EXHIBIT A

**SANDLER & MARCHESINI, P.C.**
BY: PAUL N. SANDLER, ESQUIRE
ATTORNEY I.D. NO. 15711
Email: Psandler@smpclawfirm.com
BY: TODD S. COHEN, ESQUIRE
ATTORNEY I.D. NO. 90213
Email: Tcohen@smpclawfirm.com
1500 Walnut Street, Suite 2020
Philadelphia, PA 19102
(215) 568-9300

Attorneys for Plaintiff

*Filed and Attested by*
*PROTHONOTARY*
*23 Nov 2021 12:32 PM*
*M. BARR*

---

| | |
|---|---|
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY a/s/o THOMAS DOBSON and DIANE DOBSON | COURT OF COMMON PLEAS CHESTER COUNTY |
| vs. | NO. |
| SAMSUNG and SAMSUNG ELECTRONICS AMERICA, INC. t/a SAMSUNG | |

## CIVIL ACTION

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.<br><br>**Lawyer Referral Service**<br>**Chester County Bar Association**<br>**15 W. Gay Street**<br>**West Chester, PA 19380**<br>**(215) 696-5094** | Le han demandado a custed en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br><br>LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.<br><br>**Lawyer Referral Service**<br>**Chester County Bar Association**<br>**15 W. Gay Street**<br>**West Chester, PA 19380**<br>**(215) 696-5094** |

2021-09445

**SANDLER & MARCHESINI, P.C.**
BY: PAUL N. SANDLER, ESQUIRE
ATTORNEY I.D. NO. 15711
Email: Psandler@smpclawfirm.com
BY: TODD S. COHEN, ESQUIRE
ATTORNEY I.D. NO. 90213
Email: Tcohen@smpclawfirm.com
1500 Walnut Street, Suite 2020
Philadelphia, PA 19102
(215) 568-9300

Attorney for Plaintiff

*Filed and Attested by PROTHONOTARY 23 Nov 2021 12:32 PM M. BARR*

---

| | |
|---|---|
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY a/s/o THOMAS DOBSON and DIANE DOBSON 1200 Atwater Drive, Suite 110 Malvern, PA 19355 | COURT OF COMMON PLEAS CHESTER COUNTY |
| vs. | NO. |
| SAMSUNG 85 Challenger Drive, Fl. 8 Ridgefield Park, NJ 07660 and SAMSUNG ELECTRONICS AMERICA, INC. t/a SAMSUNG 85 Challenger Drive, Fl. 8 Ridgefield Park, NJ 07660 | |

## CIVIL ACTION COMPLAINT

1. Plaintiff is an insurance company authorized to write policies of insurance in the Commonwealth of Pennsylvania with an office at the above-stated address.

2. Defendant, Samsung, is a corporation engaged in the manufacture, sale and distribution of electronics with an office at the above stated address.

3. Defendant, Samsung Electronics America, Inc. trading as Samsung, (hereinafter sometimes referred to as "Samsung Electronics") is a corporation engaged in

the manufacture, sale and distribution of electronics with an office at the above stated address.

4. The Defendants manufactured, sold and/or distributed a Samsung USB charger, model ETA-U90JWE (hereinafter referred to as "charger") which was sold to the Plaintiff's insureds and was expected to and did reach the user without a substantial change in the condition in which it was sold.

5. At the time of manufacture and sale by Defendants, said charger was defective to the user by reason of one or more of the following defects in design and manufacture:

    a. Failure to provide a safe charger;

    b. Failure to provide the proper materials and component parts when manufacturing and distributing the charger;

    c. Failure to provide adequate warnings, cautions or instruction on said charger;

    d. Failure to make reasonable inspections to discover defects in said charger;

    e. Failure to discover the aforesaid defects;

    f. Failure to design the aforesaid charger in a safe condition;

    g. Failure to warn users of the dangers inherent in the design and manufacture of the charger;

    h. Failure to provide adequate literature, brochures and instructions with the aforesaid charger; and

    i. Failure to provide safe component parts for the charger.

6. The dangers involved in the charger were unknown and unacceptable to the

average or ordinary consumer.

7. A reasonable person would conclude that the probability and seriousness of harm caused by the product outweighed the burden or cost of taking precautions.

8. On or about December 26, 20219, the fire erupted at the Plaintiff's insureds' property located at 131 Forge Hill Lane, Phoenixville, Pennsylvania, which originated in the charger and causing the damages set forth more fully hereinafter.

9. As a direct result of the defective design and manufacture of said charger, Plaintiff's insureds sustained property damages.

10. At all times relevant hereto the Plaintiff provided a policy of insurance to its insureds, Thomas Dobson and Diane Dobson.

11. In accordance with the policy, the Plaintiff paid its insureds for damages sustained in the fire in the amount of $86,479.39 including the insureds' deductible.

12. As a result of the aforesaid payment, Plaintiff is subrogated to all right, title and interest in and to its insured's claim.

**WHEREFORE**, Plaintiff, Allstate Property and Casualty Insurance Company a/s/o Thomas Dobson and Diane Dobson, demands judgment against Defendants, Samsung and Samsung Electronics USA, Inc. t/a Samsung, jointly and severally, in the sum of $86,479.39 together with interest from December 26, 2019 plus costs of this suit.

## COUNT II

13. Plaintiff incorporates paragraphs 1 through 12 by reference as though set forth herein at length.

14. Plaintiff's aforesaid damages are a direct result of the negligence and

carelessness of the Defendants. Said negligence and carelessness on the part of the Defendants consisted of, but is not limited to, the following:

- a. Failure to issue proper warnings of a dangerous condition;
- b. Failure to use due care in inspecting the aforesaid charger;
- c. Failure to properly and adequately design and manufacture said charger in that said charger incorporated inferior materials and component parts;
- d. Failure to use due care in having adequate materials and component parts in Defendants' charger; and
- e. Failure to discover and warn users of the dangers inherent in the design and manufactured in said charger.

15. As a result of the aforesaid negligence and carelessness, the Plaintiff sustained damages as set forth in Count I hereof which are incorporated by reference herein.

**WHEREFORE**, Plaintiff, Allstate Property and Casualty Insurance Company a/s/o Thomas Dobson and Diane Dobson, demands judgment against Defendants, Samsung and Samsung Electronics USA, Inc. t/a Samsung, jointly and severally, in the sum of $86,479.39 together with interest from December 26, 2019 plus costs of this suit.

## COUNT III

16. Plaintiff incorporates paragraphs 1 through 15 by reference as though set forth herein at length.

17. The Defendants were the sellers and/or distributors of the charger in question.

18. Defendants breached the implied warranty of merchantability and implied warranty of fitness for a particular purpose arising from the sale of said charger in that:

    a.    Said charger would not pass without objection in the trade and was not fit for the ordinary purposes for which said charger is used; and

    b.    Defendants knew the purposes for which the charger was required, knew that the buyer was relying on the Defendants' skill and judgment to furnish a suitable charger and said charger was unsafe and not fit for the purpose for which it was sold.

19.    As a direct result of Defendants' breach of implied warranties, Plaintiff suffered damages as set forth more fully in Count I, which is incorporated by reference herein as though set forth more fully at length.

**WHEREFORE**, Plaintiff, Allstate Property and Casualty Insurance Company a/s/o Thomas Dobson and Diane Dobson, demands judgment against Defendants, Samsung and Samsung Electronics USA, Inc. t/a Samsung, jointly and severally, in the sum of $86,479.39 together with interest from December 26, 2019 plus costs of this suit.

### COUNT IV

20.    Plaintiff incorporates paragraphs 1 through 19 by reference as though set forth herein at length.

21.    The charger manufactured and/or distributed by the Defendants malfunctioned.

22.    The charger was only used for the normal and/or anticipated use prior to the fire.

23.    No secondary causes were responsible for the fire.

24.    As a result of the aforesaid malfunction, the Plaintiff sustained damages as set forth in Count I hereof which are incorporated by reference herein.

**WHEREFORE**, Plaintiff, Allstate Property and Casualty Insurance Company a/s/o Thomas Dobson and Diane Dobson, demands judgment against Defendants, Samsung and Samsung Electronics USA, Inc. t/a Samsung, jointly and severally, in the sum of $86,479.39 together with interest from December 26, 2019 plus costs of this suit.

SANDLER & MARCHESINI, P.C.

BY: _____
PAUL N. SANDLER, ESQUIRE
Attorney for Plaintiff

## VERIFICATION

I, Kareigh Hauser, as Subrogation Negotiate Analyst III
       (name)                                    (capacity)
of Claim 0572989977 (Dobson), and as such being duly authorized to take this Verification on behalf of Allstate, do hereby verify that the
                                      (corporation)
statements made in the foregoing Plaintiff's Complaint are true and correct to the best of my knowledge, information and belief.

I understand that false statements made herein are subject to the penalties of 18 Pa. C. S. Section 4904 relating to unsworn falsification to authorities.

Dated: 11/15/21                                    *Kareigh Hauser*